UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

          Plaintiff,

v.

DEBRA L. STEPHENS,

          Defendant.

CASE NO. 3:22-cv-05429-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: July 8, 2022

This matter is before the Court on referral from the district court and on plaintiff's application to proceed *in forma pauperis* ("IFP"). Dkt. 1.

Plaintiff, a Washington prisoner who is well-known locally and nationally as an abusive litigant, is seeking to proceed IFP so that he may bring an action against a Washington State Supreme Court justice. *See* Dkt. 1-1, at 3. In his proposed complaint, he challenges a state supreme court bar order for various reasons, including that it amounts to an Eighth Amendment violation, and appears to assert that the conditions of his confinement are unconstitutional. *See generally* Dkt. 1-1. The undersigned recommends that the district court dismiss plaintiff's action

REPORT AND RECOMMENDATION - 1

on two separate grounds and decline to rule on his IFP application, which would be moot.

First, as a bar order litigant, plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Plaintiff has reached his limit for the year. *See, e.g.*, *Demos v. Wash. State Dep't of Corr.*, 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et al.*, 2:22-cv-00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022).

Second, because plaintiff has had numerous prior actions dismissed as frivolous, malicious, or for failure to state a claim, plaintiff must demonstrate "imminent danger of serious physical injury" to proceed. 28 U.S.C. § 1915(g); *see also Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999). Plaintiff's proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted).

Plaintiff's claims should be dismissed without prejudice. Any pending motions should be denied as moot, and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

1  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 8, 2022,**
2  as noted in the caption.

3  Dated this 21st day of June, 2022.

J. Richard Creatura
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3